UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JAVON JONES-BREWSTER,

                            Plaintiff,

    -against-

THE CITY OF NEW YORK; JANPHEN LUO; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
-----------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-7365

Plaintiff Javon Jones-Brewster, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from a July 22, 2015 incident in which defendants, acting under color of state law, unlawfully stopped, detained and arrested Mr. Jones-Brewster for no valid reason. As a result of this unlawful arrest, Mr. Jones-Brewster was deprived of liberty for approximately 23 hours. After multiple court appearances, Mr. Jones-Brewster's reluctantly accepted an Adjournment in Contemplation of Dismissal with immediate sealing, and admitted no wrongdoing.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Javon Jones-Brewster ("Mr. Jones-Brewster") resided at all times in Kings County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Janphen Luo ("Luo") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Luo was, at the time relevant herein, a Police Officer under Shield # 25153 in the 71st Precinct. Defendant Luo is sued in his individual capacity.

12. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

15. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

16. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

17. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## **FACTUAL CHARGES**

18. On July 22, 2015, at approximately 12:00 p.m., Mr. Jones-Brewster entered the Ocean Avenue and Flatbush Avenue Q-Line Transit System, in Brooklyn, King's County, New York.

3

19. Mr. Jones-Brewster entered the Q-Line Subway station to go to work.

20. Mr. Jones-Brewster swiped his metro card and went through the turnstiles after lawfully paying the fare with his monthly MetroCard.

21. Mr. Jones-Brewster was not committing any crimes or violating any local ordinances.

22. Defendant Luo and unidentified Defendants ran up to Mr. Jones-Brewster and told him to stop.

23. Mr. Jones-Brewster obeyed Defendants' orders.

24. Defendants, including Defendant Luo, then asked for Mr. Jones-Brewster's Identification and MetroCard.

25. Mr. Jones-Brewster obeyed Defendants orders, and handed his identification and MetroCard to Defendants.

26. Defendants, including Defendant Luo then unlawfully handcuffed Mr. Jones-Brewster and sat him on a bench in the subway station.

27. Defendants did not observe Mr. Jones-Brewster commit a crime or infraction.

28. Mr. Jones-Brewster asked if he could call his father who only lives only 1 block away from the subway station.

29. Defendant's father, Roger Brewster, immediately came to the subway station.

30. Plaintiffs' father inquired as to why his son was handcuffed.

31. Defendants told Plaintiff's father they think his metrocard is a fake.

32. Defendants refused to listen to Plaintiff or his father, and unlawfully placed Mr. Jones-Brewster under arrest.

33. Mr. Jones-Brewster did not resist arrest.

34. Defendants searched Mr. Jones-Brewster without his permission or authority.

35. No contraband or anything of illegality was found on Mr. Jones-Brewster.

36. The Defendants had no probable cause or reasonable suspicion to arrest Mr. Jones-Brewster.

37. Eventually, Mr. Jones-Brewster was transported to central bookings in Brooklyn.

38. While Plaintiff was in central booking, Defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Possession of a Forged Instrument, and other related charges.

39. At arraignments, Mr. Jones-Brewster was released on his own recognizance.

40. Plaintiff Jones-Brewster spent approximately 23 hours unlawfully detained in police custody.

41. After multiple court appearances, Mr. Jones-Brewster reluctantly accepted an Adjournment in Contemplation of Dismissal with immediate sealing, and admitted no wrongdoing.

42. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff.

43. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

44. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

45. The above paragraphs are here incorporated by reference as though fully set forth.

46. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

50. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

51. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of

liberty without probable cause.

55. Plaintiff was conscious of his confinement.

56. Plaintiff did not consent to his confinement.

57. Plaintiff's arrest and false imprisonment was not otherwise privileged.

58. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. The individual Defendants created false evidence against Plaintiff, to wit, sworn

documents and testimony alleging Mr. Jones-Brewster possessed a forged instrument.

66. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

67. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

71. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

72. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

73. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 24, 2015
Brooklyn New York

Respectfully submitted,

/s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Jones-Brewster
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com